UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSAN ZONA,

                              Plaintiff,

v.                                            Civil Action No. _____

PIONEER CREDIT RECOVERY, INC,

                              Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Susan Zona is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Pioneer Credit Recovery, Inc., (hereinafter "PCR") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff's son, Christopher Zona, incurred a debt to Spectrum. This debt will be referred to as "the subject debt."

10. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

11. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

12. That Christopher Zona allegedly defaulted on the subject debt.

13. That upon information and belief, Defendant sometime after the alleged default, was retained to collect on the alleged subject debt.

14. That Plaintiff Susan Zona is not legally responsible for payment of the subject debt.

15. In or about May of 2019, Defendant starting calling Plaintiff multiple times a week looking for Christopher Zona regarding the subject debt. That during the first of these calls, Plaintiff told the Defendant that Christopher Zona did not live with her and this her number was not a good contact number for him. Plaintiff also told Defendant that they were calling her while she was at work and to stop calling her.

16. That despite Plaintiff informing Defendant on multiple occasions that Christopher Zona did not live with her, that her number was not a good contact number for Christopher Zona, and requesting that Defendant stop calling her, Plaintiff continued to receive telephone calls from Defendant through August 2019.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) by calling Plaintiff for reasons other than location information for the alleged debtor.

B. Defendant violated 15 U.S.C. §1692b(3), 15 U.S.C. §1692d, and 15 U.S.C. §1692f by continuing to call the Plaintiff despite being informed that the alleged debtor does not reside with her and that her number was not a good contact number for the alleged debtor.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 19, 2020

/s/ Seth J. Andrews _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
khiller@kennethhiller.com

3

4